# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　　Plaintiff,<br><br>　v.<br><br>JOSE FRANCISCO MONGE-ZAZUETA,<br><br>　　　　　　　　　　　Defendant. | Case No. 22-cr-00596-BAS-2<br><br>**ORDER DENYING MOTION TO REDUCE SENTENCE (ECF No. 61)** |

　　　The U.S. Sentencing Commission adopted amendments to the United States Sentencing Guidelines ("U.S.S.G."), which were submitted to Congress and became effective November 1, 2023. *See* Sentencing Guidelines for the United States Courts, 88 Fed. Reg. 60534 (Sept. 1, 2023); U.S.S.G. Amend. 821. Under Part B, these retroactive amendments added an "Adjustment for Certain Zero-Point Offenders." U.S.S.G. § 4C1.1. This adjustment provides for a two-point decrease in the offense level for defendants who "did not receive any criminal history points" when calculating the defendant's criminal history. *Id.* § 4C1.1(a)(1)–(10).

　　　Based these amendments, Defendant Jose Francisco Monge-Zazueta now files a Motion to Reduce Sentence under 18 U.S.C. § 3582(c) and U.S.S.G. § 1B1.10. (ECF No. 61.) On January 5, 2024, the Court referred this case to Federal Defenders of San Diego,

Inc., for an evaluation under General Order 755. (ECF No. 62.) Federal Defenders has now filed a status report concluding the Court "can decide the Motion on the existing record without the assistance of counsel." (ECF No. 65.)

At the time of sentencing, the Court calculated Defendant's original guideline range as 70–87 months (based on a base offense level of 27 and a criminal history category of I). It is true that Defendant would qualify under the new guideline amendments as a zero-point offender. Under the new guidelines, Defendant's guideline range is now 57–71 months.

However, at the original sentencing, the Court varied downward and imposed a sentence outside the guideline range of 48 months. (ECF No. 59.) This 48-month sentence would still be below Defendant's guideline range even after the guideline amendments are applied. Under Application Note 3 to U.S.S.G. § 1B1.10, the Court may only reduce a defendant's sentence because of an amended guideline to the low end of the amended guideline range. In this case, the low end of the amended guideline range is 57 months. Since the Court sentenced Defendant to a lower sentence of 48 months and the same 18 U.S.C. § 3553(a) factors apply that warranted this sentence in the first place, Defendant is not entitled to a reduced sentence.

Therefore, Defendant's Motion to Reduce Sentence (ECF No. 61) is **DENIED**.

**IT IS SO ORDERED.**

**DATED: March 22, 2024**

Hon. Cynthia Bashant
United States District Judge